IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHNNY A. NECESSARY, | § | |
| TDCJ-CID NO.690032, | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION H-04-2072 |
| | § | |
| DOUG DRETKE, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## OPINION ON PARTIAL DISMISSAL

Plaintiff Johnny A. Necessary, an inmate incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ-CID"), has filed a complaint, alleging violations of his civil rights under 42 U.S.C. § 1983. For the reasons to follow the Court will dismiss all claims against defendants John Doe No.1, John Doe No.2, Douglas Dretke, and unnamed members of the Prison Bureau of Classification at the Hughes, Wynne, and Estelle Units from 1999 until March of 2002, because they are legally frivolous. The Court will dismiss all claims against all defendants except plaintiff's due process claims against Warden T. Morgan of the Estelle Unit, Regional Director Bill Lewis, Committee member K. Enloe and other members of the classification committee at the Estelle Unit from September of 2003 until the present. The Court will retain plaintiff's due process claims against these defendants.

## Background

Plaintiff reports that he has been incarcerated in administrative segregation ("ad seg") for seven years. (Docket Entry No.34). He indicates that he was first assigned to ad seg on February 28, 1999, because he had received twelve disciplinary convictions and was considered a threat to the security of the prison. (*Id.*). He claims he challenged the alleged twelve infractions in a federal

habeas writ in 1999 and was promised release from ad seg if he dismissed the writ. (*Id.*). Plaintiff dismissed the federal writ and he was ordered released in 2000, but the warden refused to release him and falsified records stating that he had escaped from the unit. (*Id.*).

In the pending suit, plaintiff claims all defendants have deprived him of procedural due process pursuant to the Fourteenth Amendment by failing to provide a meaningful periodic review of his ad seg status and by using his status as a pretext for indefinite confinement. (Docket Entry No.24). Plaintiff claims defendants fabricated and promulgated "phantom evidence" as a means of retaliation against him for redress of grievances. Specifically, plaintiff alleges the following with respect to each defendant:

John Doe No.1, the Warden of the Wynne Unit, denied Step 1 grievance number 2001095654 on January 31, 2001, in which plaintiff complained that other TDCJ-CID administrators had appealed a decision to release plaintiff to the general population in late 2000. Plaintiff contends John Doe No.1's failure to grant the grievance set in motion a series of events by which prison officials refused to obey the orders of the Prison Bureau of Classification to release plaintiff to the general population and instead, fabricated and promulgated phantom evidence that plaintiff had escaped from the unit. (Docket Entry No.24). Plaintiff further claims that John Doe No.1 conspired to falsify government records by documenting that plaintiff had escaped from a unit in retaliation for plaintiff filing grievances and state and federal criminal charges against prison officials. (Docket Entry No.34).

On March 7, 2001, John Doe No.2, Regional Director of TDCJ-CID, denied Step 2 grievance number 2001095654, challenging the denial of Step 1 grievance regarding the denial of his release to the general population. (Docket Entry No.24.). Plaintiff also claims that John Doe No.2

conspired to falsify government records by documenting that plaintiff had escaped from a unit in retaliation for plaintiff's exercise of his First Amendment rights. (Docket Entry No.34). Plaintiff further claims that John Doe No.2 knew that plaintiff was afflicted with Acquired Immune Deficiency Syndrome ("AIDS") but kept him restrained in the dark box of ad seg for seven years, which could have destroyed plaintiff's immune system. (*Id.*).

Warden T. Morgan of the Estelle Unit of TDCJ-CID, denied Step 1 grievance number 2005008563 on September 16, 2004, in which plaintiff alleged that he was denied release to the general population in retaliation for filing a federal habeas petition. (Docket Entry No.34). Plaintiff claims that Morgan falsified government records by stating that plaintiff had twelve disciplinary violations in the past year and utilized that claim as a pretext for indefinite confinement in ad seg. (*Id.*). Plaintiff further claims that Morgan had knowledge that plaintiff was afflicted with AIDS and yet continued to keep plaintiff in high security solitary confinement. (*Id.*).

Regional Director Bill Lewis, denied plaintiff's Step 2 grievance number 2005008563 on October 15, 2004, and informed plaintiff that he had been denied release because he had received twelve major disciplinary convictions in the past twelve months and was considered a security risk. However, in response to plaintiff's petition for a list of the disciplinary convictions, Lewis responded to Step 2 grievance number 2005042332 as follows:

> Investigation reveals that you have received one (1) disciplinary case in the last twelve months. The case was #20050041702 and was a minor case for code 24.0 received on 10/9/04. Records indicate the last major case you received was on 4/16/02, case #20020208634. If you were told that you have twelve (12) major cases on your record during the past year, you were misinformed. This should address your concerns.

(Docket Entry No.24, Exhibit). Plaintiff maintains that he has a liberty interest in release to medically recommended intensive supervision under Section 508.146 of the Texas Government

Code because he has a terminal condition. (Docket Entry No.34). Plaintiff further maintains that Lewis knew that plaintiff is dying of AIDS and yet chose to promulgate the misinformation regarding his disciplinary cases to the State Classification Board, who subsequently denied plaintiff the right to medically recommended intensive supervision. (*Id.*).

Administrative Director Douglas Dretke was informed by letter on October 28, 2004, that plaintiff had been denied his constitutional rights but yet failed to correct the "egregious behavior of his subordinates." (*Id.*). Instead, Dretke promulgated a policy and customs that "nourished and fertilized the egregious behavior." (*Id.*).

Defendants, six unnamed members of the Prison Bureau of Classification Committee ("Committee members") at the Hughes, Wynne, and Estelle Units, denied plaintiff release to the general population on grounds that he had a mental illness, HIV and Hepatitis C (Docket Entries No.24, No.34) and because he was a chronic rule violator. (Docket Entry No.34). Plaintiff claims they failed to provide a meaningful review of his status and used his illnesses and alleged rule violations as a pretext to keep him confined in ad seg. (*Id.*). Plaintiff claims these Committee members discriminated against him by allowing other ill and violent inmates to be released to the general population while requiring that he remain in ad seg. (*Id.*).

Plaintiff claims he was not allowed to speak at the ad seg review hearings or to present evidence, although he was present at the meetings. (*Id.*). Plaintiff was not notified or allowed to attend the committee meeting in March of 2005. (*Id.*).

Plaintiff also claims that he has suffered physical injuries as a result of his incarceration in ad seg. (*Id.*).

In response to the Order for More Definite Statement, plaintiff indicates that ad seg status hearings are not recorded; therefore, he cannot prove what happened at the hearings. (*Id.*). Nevertheless, he claims the reasons stated for denying him release to the general population are false. Plaintiff claims that he has not been convicted of a disciplinary violation in the past year. (*Id.*). He also claims that he has never attempted to escape, although he admits that he drew a map for his cell-mate in 1998, for which he received disciplinary violation. (*Id.*). Plaintiff's copy of conviction number 980375970, however, shows that he was found guilty of possession of contraband, *i.e.*, a map of the Estelle Unit and written escape plan, intended to aid him in an attempt to escape from TDCJ custody. (Docket Entry No.7, Exhibit B).

Plaintiff also admits that at that time, he was on close custody and in safekeeping because both he and his cell-mate were homosexual. (Docket Entry No.34). He speculates that because he was released from solitary confinement to his work assignment in the fields, prison officials were never worried that he might escape. (*Id.*).

In a supplemental complaint (Docket Entry No.37), plaintiff adds K. Enloe as a defendant to this case. Plaintiff claims that Enloe failed to provide him with a meaningful review of his ad seg status because she denied him release from ad seg with knowledge of the pending suit against Warden Morgan. (*Id.*). Plaintiff claims Enloe stated verbally and in writing that plaintiff had in the past year escaped from his Unit and assaulted inmates and officers at the Unit within the last year. Plaintiff further claims that Enloe made her decision solely on the statement of the Estelle Unit High Security Captain Hutchinson, who also presented fabricated evidence to support his statement. (*Id.*). Plaintiff also claims that Enloe invidiously discriminated against him by allowing the release of another inmate who had a more violent record than plaintiff. (*Id.*).

Plaintiff seeks declaratory and injunctive relief and compensatory and nominal damages. (Docket Entry No.34).

## Discussion

A district court may dismiss a complaint filed *in forma pauperis* if it concludes that the action is frivolous or malicious. 28 U.S.C. § 1915(e)(2). An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989. A complaint is without an arguable basis in law if it is grounded upon an untenable or discredited legal theory. *Id.*

### Barred Claims

In §1983 cases, federal courts apply the forum state's general personal injury limitations, *Burrell v. Newsome*, 883 F.2d 416, 418 (5th Cir. 1989), and its coordinate tolling provisions. *Hardin v. Straub*, 490 U.S. 536 (1989). In Texas, the limitations period for personal injury claims is two years. TEX. CIV. PRAC. & REM. CODE ANN. § 16.003 (Vernon 2002).

The accrual of a cause of action under §1983 is determined by reference to federal law. *Burrell*, 883 F.2d at 418; *Lavellee v. Listi*, 611 F.2d 1129, 1131 (5th Cir. 1980). Under the federal standard, "the time for accrual is when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Listi*, 611 F.2d at 1131 (quoting *Cox v. Stanton*, 529 F.2d 47, 50 (4th Cir. 1975)). The cause of action accrues when "the plaintiff is in possession of the critical facts that he has been hurt and who has inflicted the injury" or "has reason to know" this information. *Id.* "A plaintiff need not realize that a legal cause of action exists; a plaintiff need only know the facts that would support a claim." *Pitotrowski v. City of Houston*, 51 F.3d 512, 516 (5th Cir. 1995). "[A] plaintiff need not have actual knowledge if the circumstances would lead reasonable person to investigate further." *Id.*

Plaintiff complains that John Doe No.1 and John Doe No.2 denied his grievances in 2001 and conspired to keep him in ad seg in retaliation for filing grievances and a federal habeas petition. Plaintiff, however, was aware of the alleged retaliation in 2001, yet, he filed this complaint on April 29, 2004, three years after the cause of action accrued. Therefore, his claims against John Doe No.1 and John Doe No.2 are barred by the statute of limitations.

Plaintiff also complains that Committee members at the Hughes, Wynne, and Estelle Units failed to provide a meaningful review of his status and used his illnesses and alleged rule violations as a pretext to keep him confined in ad seg. Plaintiff claims these Committee members discriminated against him by allowing other ill and violent inmates to be released to the general population while requiring that he remain in ad seg. (Docket Entry No.34). Plaintiff's records indicate that the hearings at the Hughes Unit took place in 1999 and 2000 (Docket Entry No.24, Exhibits), hearings at the Wynne Unit in 2001 (*id.*), and one hearing at the Estelle Unit on March 28, 2002. (*Id.*). Plaintiff had knowledge of these hearings and the reasons set forth for the denial of release years before he filed this suit. Accordingly, plaintiff's claims against Committee members at the Hughes, Wynne, and Estelle Units from 1999 until March of 2002 are barred by the governing statute of limitations.

<u>Grievances</u>

Plaintiff also fails to state facts that would give rise to claims against Warden T. Morgan of the Estelle Unit, Regional Director Bill Lewis, or Director Doug Dretke for failure to supervise subordinates and for the promulgation of policies that give rise to egregious acts by other defendants. Plaintiff states no facts to show that Morgan, Lewis, or Dretke were personally involved

in any of the events alleged in his amended complaint or that any policy in effect at the time of his incarceration on the Estelle Unit was unconstitutional.

Section 1983 will not support a claim based on *respondeat superior* or vicarious liability. *Pierce v. Texas Dept. of Criminal Justice-Institutional Div.*, 37 F.3d 1146, 1150 (5th Cir. 1994). "Personal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele*, 709 F.2d 381 (5th Cir. 1983). Each defendant must either actively participate in the acts complained of or implement unconstitutional policies that result in injury. *Mouille v. City of Live Oak, Texas*, 977 F.2d 924, 929 (5th Cir. 1992). Liability based on one's supervisory capacity exists if the supervisor is personally involved in the constitutional deprivation or a sufficient causal connection exits between the supervisor's wrongful conduct and the constitutional violation. *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987). Supervisory liability exists even without overt personal participation in the offensive act if the supervisor implements "a policy that is 'itself [] a repudiation of constitutional rights' and [is] 'the moving force of the constitutional violation.'" *Oliver v. Scott*, 276 F.3d 736 (5th Cir. 2002) (quoting *Grandstaff v. City of Borger*, 767 F.2d 161, 169-70 (5th Cir. 1985)).

Moreover, plaintiff does not have a constitutionally protected due process right in the investigation or resolution of his grievances. *See, e.g., Jones v. North Carolina Prisoners Labor Union*, 433 U.S. 119, 138 (1977) (Burger, J., concurring) (applauding the adoption of grievance procedures by prisons, but expressly declining to suggest that such procedures are constitutionally mandated); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (holding that "the Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state"); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (holding prison grievance procedure

does not confer substantive right on inmates; thus does not give rise to protected liberty interest under the Fourteenth Amendment); *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991 (per curiam) (concluding regulations providing for administrative remedy procedure do not create liberty interest in access to that procedure); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) (holding state prisoners have no legitimate claim of entitlement to grievance procedure). Therefore, to the extent that he complains that defendants John Doe No.1, John Doe No.2, Warden Morgan, Regional Director Lewis, and Director Dretke failed to investigate his grievances and resolve them in his favor, his claim is frivolous and will be dismissed as such.

## Retaliation

"A prison official may not retaliate against or harass an inmate for exercising the right of access to the courts, or for complaining to a supervisor about a guard's misconduct." *Woods v. Smith*, 60 F.3d 1161, 1164 (5th Cir. 1995). To state a retaliation claim, an inmate must invoke a specific constitutional right, the defendant's intent to retaliate against the inmate for his or her exercise of that right, a retaliatory adverse act, and causation, *i.e.* "but for the retaliatory motive the complained of incident . . . would not have occurred." *Id.* at 1166. To survive dismissal of a retaliation claim, the inmate must either offer direct evidence of motivation or allege a chronology of events from which retaliation may plausibly be inferred. *Jones v. Greninger*, 188 F.3d 322, 324-25 (5th Cir. 1999). A "sequence of events, by itself, does not amount to a reasonable inference of retaliatory intent." *Enlow v. Tishomingo County, Miss.*, 45 F.3d 885, 889 (5th Cir. 1995).

Plaintiff claims because he filed grievances and lawsuits against them, defendants retaliated by fabricating phantom evidence, *i.e.*, an escape charge and non-existent disciplinary convictions, to prevent his release from ad seg. (Docket Entry No.34). Plaintiff's records, however, reflect a

9

disciplinary conviction for possession of a map intended to aid him in facilitating an escape from TDCJ while he was confined on the Hughes Unit of TDCJ. Plaintiff does not allege that this conviction has been overturned or expunged from his record; therefore, he cannot collaterally attack this disciplinary case in the pending case. *Heck v. Humphrey*, 512 U.S. 477, 487 (1994); *Edwards v. Balisok*, 520 U.S. 641 (1997). Moreover, because he has a disciplinary conviction related to an attempted escape, plaintiff cannot show that defendants engaged in a retaliatory act by fabricating "phantom evidence" of such a disciplinary conviction to keep him in ad seg.

Plaintiff's records do not show that he filed grievances against defendants Morgan, Lewis, or Dretke. Plaintiff's records, however, show that he filed a notice of his intent to sue Dretke and a formal complaint against Lewis a few days before filing the amended complaint in November of 2004. (Docket Entry No.24). Given this time-frame, plaintiff cannot show that he invoked a protected right for which defendants Morgan, Lewis, or Dretke retaliated by denying the grievances in September and October of 2004. To the extent that he claims Morgan, Lewis, and Dretke retaliated against him for filing grievances related to the ad seg hearings, plaintiff fails to state facts that would show that but for these grievances, he would not have been denied release from ad seg.

Accordingly, plaintiff's retaliation claim will be dismissed as legally frivolous.

## Conspiracy

To establish a § 1983 cause of action based upon conspiracy, a plaintiff must do more than make blanket allegations of conspiracy. *Arsenaux v. Roberts*, 726 F.2d 1022, 1023-24 (5th Cir. 1982). He must allege facts that, liberally construed, establish (1) defendants' participation in a conspiracy involving state action, and (2) a deprivation of his civil rights in furtherance of the conspiracy by a party to the conspiracy. *Pfannstiel v. City of Marion*, 918 F.2d 1178, 1187 (5th Cir.

1990), *abrogated on other grounds by Martin v. Thomas*, 973 F.2d 449 (5th Cir. 1992). Plaintiff must also show that the conspirators had an agreement to commit an illegal act that resulted in the plaintiff's injury. *Arsenaux*, 726 F.2d at 1024; *Thomas v. City of New Orleans*, 687 F.2d 80, 83 (5th Cir. 1982).

Plaintiff states no facts that would give rise to a conspiracy claim against any defendant. Therefore, this claim will be dismissed as legally frivolous. *See Wilson v. Budney*, 976 F.2d 957, 958 (5th Cir. 1992) (holding that conclusory allegations of conspiracy will not support a claim under § 1983).

## Equal Protection

Plaintiff also claims that defendants and specifically Enloe invidiously discriminated against him by allowing the release of one or more inmates who had a more violent record than plaintiff. (Docket Entry No.37). "The Fourteenth Amendment's promise that no person shall be denied the equal protection of the law must co-exist with the practical necessity that most legislation classifies for one purpose or another, with resulting disadvantage to various groups or persons." *Romer v. Evans*, 517 U.S. 620, 631 (1996). A state does not violate the Equal Protection Clause because legislative classifications are imperfect. *Dandridge v. Williams*, 397 U.S. 471, 485 (1970); *Johnson v. Rodriguez*, 110 F.3d 299, 306 (5th Cir. 1997). As long as state classifications do not burden a fundamental right or target a suspect class, "'state agencies may pursue legitimate purposes by any means having a conceivable rational relationship to those purposes.'" *Johnson*, 110 F.3d at 306 (quoting *Stern v. Tarrant County Hosp. Dist.*, 778 F.2d 1052, 1054 (5th Cir. 1985) (en banc)).

In this case, plaintiff states no facts that show that Enloe or any Committee member denied him equal protection by returning an allegedly "more violent" inmate to the general population while

denying plaintiff the same.  It is not inherently unconstitutional to differentiate among classes of prisoners, providing some classes with more desirable living conditions; for example, "(t)here is nothing in the Constitution which requires prison officials to treat all inmate groups alike when differentiation is necessary to avoid an imminent threat of institutional disruption or violence." *Jones v. North Carolina Prisoners' Union*, 433 U.S. 119, 137 (1977).  Plaintiff's claim of discrimination is conclusory and will be dismissed as such.

### Due Process

Plaintiff claims that his due process rights have been violated because he has been denied a meaningful review of his administrative status.  Specifically, plaintiff claims he was not allowed to speak at the hearings or to present evidence, although he was present at the meetings.  (Docket Entry No.34).  Plaintiff also contends that he was not notified of nor allowed to attend the March 2005 hearing.  (*Id.*).  Presumably, plaintiff attended the September 2005 hearing because he complains that Committee member K. Enloe denied him release from ad seg on the basis of statements made by Captain Hutchinson.  (Docket Entry No.37).

Because plaintiff states a colorable due process claim under the familiar test of *Sandin v. Conner*, 515 U.S. 472 (1995), the Court will retain this claim.

### Conclusion

Plaintiff has been given an opportunity to expound on the factual allegations of his complaint by way of questionnaire.  *See Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999) (reaffirming use of questionnaire as useful and proper means for court to develop factual basis of *pro se* plaintiff's complaint); *Eason v. Thaler*, 14 F.3d 8, 9 (5th Cir. 1994) (same).  Plaintiff has failed to allege a cognizable claim for relief under § 1983 against all defendants, with the exception of the due process

claims against defendants Morgan, Lewis, Enloe, and other members of the 2003 to 2005 classification committee at the Estelle Unit.  Therefore, his claims against all defendants, with the exception of those noted, are DISMISSED with prejudice as frivolous pursuant to § 1915(e)(2)(B).

    The Clerk will provide copies to the parties.

    It is so ORDERED.

    SIGNED at Houston, Texas, on December 15, 2005.

MELINDA HARMON  
UNITED STATES DISTRICT JUDGE