IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHNNY A. NECESSARY, | § | |
| TDCJ-CID NO.690032, | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION H-04-2072 |
| | § | |
| DOUG DRETKE, *et al.*, | § | |
| | § | |
| Defendants. | § | |

OPINION ON DISMISSAL

Plaintiff Johnny A. Necessary, an inmate incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ-CID") proceeding *pro se* and *in forma pauperis*, filed a complaint alleging violations of his civil rights under 42 U.S.C. § 1983.  The Court found plaintiff's claims against most defendants to be legally frivolous under 28 U.S.C. § 1915(e)(2)(B); it also found that plaintiff had stated a colorable due process claim against defendants Tim Morgan, Bill Lewis, Kelly Enloe and unnamed members of the Estelle Unit's State Classification Committee from September, 2003 until December, 2005.  On December 15, 2005, the Court entered an Opinion on Partial Dismissal, dismissing the frivolous claims with prejudice and retaining the colorable due process claims.  (Docket Entry No.38).

Pending are defendants Morgan, Lewis, and Enloe's motion for summary judgment (Docket Entry No.65) and plaintiff's motions for a default judgment (Docket Entry No.59) and summary judgment (Docket Entry No.62), and motion to strike defendants' motion for summary judgment. (Docket Entry No.66).  For the reasons to follow, the Court will grant defendants' motion for summary judgment and deny plaintiff's pending motions.

I. Background

Plaintiff reports that he has been incarcerated in administrative segregation ("ad seg") for seven years. (Docket Entry No.34). He indicates that he was first assigned to ad seg on February 28, 1999, because he had received twelve disciplinary convictions and was considered a threat to the security of the prison. (*Id.*). He claims he challenged the alleged twelve infractions in a federal habeas writ in 1999 and was promised release from ad seg if he dismissed the writ. (*Id.*). Plaintiff dismissed the federal writ and he was ordered released in 2000, but the warden refused to release him and falsified records stating that he had escaped from the unit. (*Id.*).

In his live pleadings, plaintiff claims the following defendants violated his right to due process of law by denying him a meaningful review of his ad seg status, as follows:

1.  Warden Tim Morgan falsified government records by stating that plaintiff had twelve disciplinary violations in the past year and utilized that misinformation as a pretext for indefinite confinement in ad seg. (*Id.*). Plaintiff further claims that Morgan had knowledge that plaintiff was afflicted with AIDS and yet continued to keep plaintiff in high security solitary confinement. (*Id.*).

2.  Regional Director Bill Lewis promulgated false misinformation about plaintiff's disciplinary cases to the State Classification Committee, with knowledge of plaintiff's terminal illness. The State Classification Committee subsequently denied plaintiff the right to medically recommended intensive supervision. (*Id.*).

3.  State Classification Committee Member Kelly Enloe denied plaintiff release from ad seg with knowledge of the pending suit against Warden Morgan. (Docket Entry No.37). Enloe stated verbally and in writing that plaintiff had in the past year escaped from his Unit and assaulted inmates and officers at the Unit within the last year. Enloe made her decision solely on the statement of the Estelle Unit High Security Captain Hutchinson, who presented fabricated evidence to support his statement. (*Id.*).

4.  Without a meaningful review of his record, six unnamed members of the State Classification Committee at the Estelle Unit, denied plaintiff release to the general population on grounds that he had a mental illness, HIV and Hepatitis C (Docket Entries No.24, No.34) and because he was a chronic rule violator. (Docket Entry No.34). Plaintiff was not allowed to speak at the ad

seg review hearings or to present evidence, although he was present at the meetings.  (*Id.*).  He was not notified or allowed to attend the committee meeting in March of 2005.  (*Id.*).

Plaintiff seeks declaratory and injunctive relief and compensatory and nominal damages. (*Id.*).

Defendants move for summary judgment on the following grounds:

1.   Plaintiff  has  failed  to  exhaust  his  administrative  remedies  by  filing grievances against defendants with respect to the claims now pending;

2.   Plaintiff cannot maintain an action against defendants in their supervisory capacities and cannot show that defendants Morgan and Lewis sat on a committee that reviewed plaintiff's administrative segregation status;

3.   Plaintiff fails to state what action defendant Enlow took that harmed him;

4.   Plaintiff's allegations are vague, conclusory, and completely fail to connect conduct with an alleged due process violation; and,

5.   Defendants are entitled to qualified immunity.

(Docket Entry No.65).

## II. Discussion

### A. Motion for Default Judgment

Plaintiff seeks a default judgment pursuant to Rules 50 and 55 of the Federal Rules of Civil Procedure on the ground that defendants failed to file a responsive pleading timely.  (Docket Entry No.59).

Default judgments are generally disfavored in the law and "'should not be granted on the claim, without more, that the defendant had failed to meet a procedural time requirement.'"  *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000) (quoting *Mason & Hanger-Silas Mason Co. v. Metal Trades Council*, 726 F.2d 166, 168 (5th Cir. 1984)).

As defendants indicate in their response to plaintiff's motion (Docket Entry No.61), they filed a responsive pleading on May 12, 2006.  (Docket Entry No.57).  Although the pleading was untimely, plaintiff demonstrates no prejudice for the late filing.  Accordingly, the Court DENIES plaintiff's motion for a default judgment.  (Docket Entry No.59).

### B. Motion for Summary Judgment

Both parties move for summary judgment as a matter of law.  (Docket Entries No.62, No.65). To be entitled to summary judgment, the pleadings and summary judgment evidence must show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(c).  The moving party bears the burden of initially pointing out to the court the basis of the motion and identifying the portions of the record demonstrating the absence of a genuine issue for trial.  *Duckett v. City of Cedar Park, Tex.*, 950 F.2d 272, 276 (5th Cir. 1992).  Thereafter, "the burden shifts to the nonmoving party to show with 'significant probative evidence' that there exists a genuine issue of material fact."  *Hamilton v. Seque Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (quoting *Conkling v. Turner*, 18 F.3d 1285, 1295 (5th Cir. 1994)).  The Court may grant summary judgment on any ground supported by the record, even if the ground is not raised by the movant.  *U.S. v. Houston Pipeline Co.*, 37 F.3d 224, 227 (5th Cir. 1994).

### 1. Plaintiff's Motion for Summary Judgment

Plaintiff filed his motion for summary judgment in response to defendants' answer.  (Docket Entry No.62).  Plaintiff attacks defendants' answer with case law but fails to state substantive facts and present evidence to support the motion.  Accordingly, plaintiff's motion for summary judgment (Docket Entry No.62) is DENIED.

### 2. Defendants' Motion for Summary Judgment

#### a. Exhaustion

Defendants move for summary judgment on the ground that plaintiff has failed to show the Court that he filed grievances with respect to the claims pending against them.  (Docket Entry No.65).

No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.  42 U.S.C. § 1997e(a).  A prisoner must complete the administrative review process in accordance with all procedural rules, including deadlines, before bringing suit in federal court. *Woodford v. Ngo,* — U.S. ----, 126 S.Ct. 2378, 2382 (2006).  "Under the present version of § 1997e, the district court is no longer required to determine whether a prisoner ... has reasonably and in good-faith pursued his administrative remedies." *Underwood v. Wilson,* 151 F.3d 292, 294 (5th Cir. 1998).  "Dismissal under § 1997e is made on pleadings without proof."  *Days v. Johnson,* 322 F.3d 863, 866 (5th Cir. 2003).  "As long as the plaintiff has alleged exhaustion with sufficient specificity, lack of admissible evidence in the record does not form the basis for dismissal."  *Id.*

In this case, plaintiff alleged in his amended complaint that he had exhausted available administrative remedies.  (Docket Entry No.24).  Such pleading is sufficient to allege exhaustion. Defendants present no summary judgment evidence to show that plaintiff did not exhaust his administrative remedies.  Therefore, the lack of evidence in the record to support this allegation does not provide a ground for dismissal under 42 U.S.C. § 1997e.  *Id.*  Accordingly, defendants fail to show their entitlement to summary judgment on this ground.

#### b. Due Process Violation

Defendants also move for summary judgment on the ground that plaintiff was not denied due process during the administrative segregation review process. (Docket Entry No.65). Defendants maintain that plaintiff has consistently received the review required by TDCJ policy, *i.e.*, a six month review hearing with the State Classification Committee ("SCC"). (*Id.*). Defendants further contend that plaintiff's confinement in ad seg is not due to disciplinary action per TDCJ policy; instead, he is categorized under "security detention," either as a current escape risk or a threat to the order and security of the institution. (*Id.*).

Courts generally are not concerned with a prisoner's initial classification level based on his criminal history before his incarceration because an inmate has "no protectable liberty interest in his classification." *Wilkerson v. Stalder,* 329 F.3d 431, 435-36 (5th Cir. 2003). Moreover, a prisoner's change in custody status, "without more, does not constitute a deprivation of a constitutionally cognizable liberty interest." *Luken v. Scott,* 71 F.3d 192, 193 (5th Cir. 1995). Because plaintiff has alleged that his placement in administrative segregation was not based on his initial classification, review is under the familiar test of *Sandin v. Conner,* 515 U.S. 472 (1995). *See Wilkerson,* 329 F.3d at 436.

The hearing record in this case shows that plaintiff's current segregation category is "security detention" (Docket Entry No.65, Part 7, page 8), which according to Administrative Directive 03.50 is a "non-punitive status involving separation of an offender from the general population for the purpose of maintaining safety, security and order among general population offenders and staff." (Docket Entry No.65, Part 3, page 3). Assuming *arguendo* that plaintiff's seven years of confinement in administrative segregation are punitive and constitute an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," *Sandin,* 515 U.S. at 484, the Court must determine whether the record shows the existence of a material fact question

regarding the process plaintiff was afforded by the SCC.  *See Sandin,* 515 U.S. at 483-84.  Due

process in the prison setting is satisfied by an informal, non-adversary evidentiary review by prison

administrators and by giving the inmate notice and the opportunity to present his views to prison

officials regarding placement in administrative segregation.  *See Hewitt v. Helms*, 459 U.S. 460, 477

(1983), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995); *see also Wilkinson*

*v. Austin*, 545 U.S. 209, 229 (2005) (noting that *Hewitt* remains "instructive for [the Supreme

Court's] discussion of the appropriate level of procedural safeguards").

Assuming that plaintiff possessed a constitutionally protected liberty interest in his custodial

status, the record does not reflect that he was afforded constitutionally insufficient process.[1]  The

record reflects that the SCC held a review hearing on March 4, 2003, September 2, 2003, March 2,

2004, September 1, 2004, March 3, 2005, September 13, 2005, and March 21, 2006.  (Docket

Entries No. 65, Part 7, pages 8-9, 16-17, 25-26, 31-33, 38; Part 8, pages 1, 9).  The record further

shows that plaintiff received notice of each hearing and that he attended each hearing except for the

hearing on March 3, 2005, which he refused to attend.  (*Id.*, Part 7, page 25).  The record also shows

that plaintiff was given an opportunity to make an oral or written statement at each hearing, and in

some cases, he was interviewed by SCC members.  (Docket Entries No. 65, Part 7, pages 8-9, 16-17,

25-26, 31-33, 38; Part 8, pages 1, 9).

---

[1]     According to TDCJ-CID's Administrative Segregation Plan, dated January, 2005, the SCC
conducts a review classification hearing within 180 days of the previous hearing. (Docket Entry No.65., Part
4, page 4).  An offender receives notice no more than two weeks, and not less than twenty-four hours, before
the SCC review hearing.  (*Id.*).  The offender may attend the hearing, make a statement, and submit written
statements from witnesses and other documentary evidence.  (*Id.*).  If the offender refuses to attend, the
hearing may be held in his absence. (*Id.*).  Based on the evidence presented at the hearing and the criteria for
release, the SCC determines whether reasons for continued segregation exist.  (*Id.*).  The SCC provides the
offender with a written decision after the review hearing, stating the reasons for the decision and summarizing
the information considered at the hearing.  (*Id.*).

Plaintiff does not complain that he was denied review of his status; he complains that he was denied a meaningful review because the information upon which the SCC made its determination to continue his confinement in ad seg was fabricated or false.  Plaintiff complains that Warden Morgan and Supervisor Lewis falsified information or relayed false information to the SCC regarding the number of disciplinary cases that plaintiff had incurred[2] and discounted his need for medically supervised release in light of his terminal illnesses.  (Docket Entry No.34).  Plaintiff further claims that the SCC relied on this information when its members voted to continue plaintiff's confinement in ad seg.  (*Id*.).

Plaintiff, however, points to no denial of procedure for demonstrating the falsity of the information relayed to the SCC.  Furthermore, the record does not show that SCC members voted to continue his security detention in ad seg on the basis of his disciplinary history,[3] a false record of attempted escape, or his medical condition.  Although defendant Lewis stated in response to plaintiff's grievance complaining of the September 1, 2004, hearing that the SCC based their decision on the twelve disciplinary violations that plaintiff had received that year, no disciplinary violations were noted on the hearing record dated September 1, 2004.  (Docket Entry No.65, Part 7, page 33).  The hearing record noted plaintiff's history of attempted escape as the basis for the SCC's determination to continue his security detention status in ad seg.  (*Id.*).

---

[2]  In response to Grievance Number 2005008563, Lewis informed plaintiff that the SCC took into consideration all of plaintiff's past disciplinary history at the September 1, 2004 hearing, and made their decision based on the twelve disciplinary cases that plaintiff had received in the past year.  (*Id.*, page 18).  Plaintiff did not have twelve disciplinary cases that year.  (Docket Entry No.24, page 22).

[3]  The hearing record dated March 3, 2005, reflects that plaintiff incurred a disciplinary violation on April 16, 2002 and one on April 23.  (Docket Entry No.65, Part 7, page 26).  A violation on April 16, 2002 was noted on the September 2, 2003, and March 4, 2003 hearing records.  (*Id*., Part 8, pages 2, 10).  No violation was noted on the March 2, 2004 hearing record.  (*Id.*, Part 7, page 36).

Plaintiff also claims that SCC member Enloe relied on false information that plaintiff had escaped from his unit and had assaulted inmates and staff when she voted to deny plaintiff release from ad seg on September 13, 2005.  (Docket Entry No.37).  Plaintiff claims Enloe told him that "[b]ased upon the statement of Captain Hutchinson and the documents he has presented that in the past year you have escaped from this facility, and assaulted his officers, I conclude that you're a threat to the institute and a threat to the public, and I am letting the Parole Board know you're not fit for any release."  (*Id.*).  Plaintiff further claims that Enloe told him that he could now sue her, "but for sure you'll stay in Seg. forever."  (*Id.*).

The September 13, 2005 hearing record, which Enloe signed, shows that SCC members interviewed plaintiff and considered many factors before voting to continue plaintiff's security detention in ad seg on the basis of "escape risk, offender assaultive, staff assaultive."  (Docket Entry No.65, Part 7, pages 16-17).  Plaintiff does not indicate that he attempted to correct the allegedly false information at the hearing.  In fact, the record shows that he did not make a statement and did not request any witnesses.  (*Id.*, page 16).  The record further shows that SCC members interviewed plaintiff regarding his disciplinary violations, medical evaluations, interaction with staff and other offenders, and his participation in programs.  (*Id.*).  Plaintiff was given security detention because he was a threat to the physical safety of others and/or staff and security of the institution.  (*Id.*).  Although plaintiff claims that he has never attempted to escape, plaintiff's copy of disciplinary conviction number 98037590 shows that he was found guilty of possession of contraband, *i.e.*, a map of the Estelle Unit and a written escape plan, intended to aid him in an attempt to escape from TDCJ.  (Docket Entry No.7, Exhibit B).

Plaintiff further claims that six unnamed members of the SCC, who signed the hearing records attached as exhibits to his amended complaint, failed to provide a meaningful review of his

ad seg status[4] but he states no facts to support his claim.  (Docket Entry No.24).  He complains that these unnamed members voted to continue his ad seg status because he was mentally ill and had a terminal illness.  (*Id.*, page 13).  None of the hearing records, however, reflect that SCC members based their decision on plaintiff's mental or physical infirmities.

Plaintiff specifically complains in Grievance Number 2005008563 of an unnamed SCC member who was present at the September 1, 2004 hearing.  (Docket Entry No.34, page 28).  Plaintiff claims the member told him that he was in ad seg for escape, which was a new charge for which he had not received prior notice.  (Docket Entry No.24, page 15).

The record shows that such notice was unnecessary because the charge of escape was not new.  The September 2, 2003 hearing record reflects that SCC members gave plaintiff's history of escape as one of the reasons for continuing plaintiff's security detention status.  (Docket Entry No.65, Part 8, page 2).  At the next hearing on March 2, 2004, SCC members noted plaintiff's history of escape as one of the reasons for continuing his confinement in ad seg.  (*Id.*, Part 7, page 36).  On September 1, 2004, the SCC again noted plaintiff's 1998 attempt to escape as a reason for continuing confinement in ad seg.  (*Id.*, page 33).

Based on this record, the Court finds that defendants have shown that no material fact issue exists with respect to plaintiff's due process claims.  Plaintiff presents no evidence to contravene this record.  Therefore, defendants are entitled to summary judgment as a matter of law.

## III. Conclusion

Based on the foregoing, the Court ENTERS the following ORDERS:

1.     Plaintiff's Summary Demand for Judgment by Default as a Matter of Law (Docket Entry No.59) is DENIED.

---

[4]   Specifically, plaintiff complains of SCC members at the hearings on September 2, 2003 (Docket Entry No.24., page 38), September 1, 2004 (*id.*, page 40), and March 2, 2005.  (*Id.*, page 42).

10

2.      Plaintiff's Motion for Summary Judgment as a Matter of Law (Docket Entry No.62) is DENIED.

3.      Defendants' Motion for a Two Day Extension of Time to File a Motion for Summary Judgment (Docket Entry No.64) is DENIED, as moot.

4.      Plaintiff's Motion to Strike Evidence and to Deny Defendant's Summary Judgement (Docket Entry No.66) is DENIED.

5.      Defendants' Motion for Summary Judgment (Docket Entry No.65) is GRANTED.

6.      All claims against all defendants are DENIED.

7.      Plaintiff's civil rights complaint is DISMISSED WITH PREJUDICE.

The Clerk will provide a copy of this order to the parties and a copy by facsimile transmission, regular mail, or e-mail to the TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas, 78711, Fax: 512-936-2159 and the District Clerk for the Eastern District of Texas, 211 West Ferguson, Tyler, Texas 75702, Attention: Manager of the Three-strikes List.

SIGNED at Houston, Texas, on this 6th day of December, 2006.


MELINDA HARMON
UNITED STATES DISTRICT JUDGE